HUNDHAUSEN, Respondent, vs. ATKINS, imp., etc., Appellant.
(Motion to reinstate.)

PRACTICE IN SUPREME COURT.—*Service of printed case. Dismissal of appeal for lack of seasonable service.*

1. Where, after an appeal to this court is perfected, one or more terms of the court pass without the cause being noticed for argument, the

Hundhausen, Respondent, vs. Atkins, impleaded, etc., Appellant.

printed case may be served eight days before the next term at which it shall be so noticed.

2. If the cause, after having been noticed for argument at any term, is *continued*, such continuance leaves it in the same condition as though no such notice had been served; and the printed case may still be served eight days before a subsequent term for which notice of argument is given.

3. If the appellant fails to serve the printed case within the time required by Rule 10, so that the respondent is entitled to an order dismissing the appeal, still such order cannot regularly be entered *after* the printed case is actually served.

APPEAL from the Circuit Court for *Milwaukee* County.

Motion to vacate an order dismissing the appeal, entered under Rule 10 of this court.

The appeal was perfected January 2, 1874, and was noticed for argument by the appellant at the January term of that year, at which term the cause was continued. The appellant again served a notice of argument for the June term, 1874, which he subsequently countermanded; and the cause was again continued. The printed copies of the case, required by Rule 10, were not served until the 14th of October, 1874. The attorneys for the respondent immediately returned them to the attorney of the appellant, for the alleged reason that they were served too late, and five days after entered the order dismissing the appeal; which order the appellant now moved to vacate.

*Cottrill & Cary*, for the motion, argued, 1. That Rule 10 applies to a failure to serve the case eight days before *the term at which the cause is for argument.* That term has not arrived as yet in this cause. 2. That respondent had waived any right to insist on the rule, if it was applicable. He could not argue the case until he noticed it. *Cutler v. Ainsworth*, 20 Wis., 651. A bill of exceptions not settled will not be stricken out after delay to move. *Fitzpatrick v. Cottingham*, 14 Wis., 220; *Parish v. Eager*, 15 id., 532. It is too late at the argument to object that no undertaking was given, and too late after argument to move to dismiss on that ground. *White v. Polleys*, 20

Wis., 503. So where an undertaking is defective, this court allows a new one to be filed on motion. *Grant v. Ins. Co.*, 29 Wis., 125; *Branger v. Buttrick*, 30 id., 153; *Gilbank v. Stephenson*, id., 155.

*Cotzhausen, Sylvester & Scheiber*, contra. [No brief on file.]

LYON, J. The motion must be granted, on two grounds

1. Service of the printed case was not due when the order was entered. Had the cause never been noticed for argument, such service, if made eight days before the next term at which it may be so noticed, would be in time. The continuances of the cause beyond the last and the present term, leave it in precisely the same condition as though no notice of argument had ever been given.

2. Although the appellant may fail to serve the printed case within the time specified in Rule 10, yet an order dismissing the appeal for that reason cannot be regularly entered after such service is actually made. Failing to enter the order until after the case is served, it must be held that the respondent has waived the laches of the appellant in that behalf.

*By the Court.* — Motion granted, with the usual costs.