## FLANDERS vs. McDONALD.

1. The printed cases on this appeal having been actually served December 30, 1875, and retained, a motion made on the 1st of February following, to dismiss the appeal because such cases were not served fifteen days before the commencement of the term, was too late. *Hundhausen v. Atkins*, 36 Wis., 250.

2. An order dissolving an attachment of property is reversed, on the ground that defendant's own affidavits plainly indicate an intent, participated in by all concerned adversely to the attachment, to place defendant's property beyond the reach of his creditors.

APPEAL from the Circuit Court for·*Juneau* County.

The plaintiff appealed from an order dissolving an attachment previously granted against defendant's property.

The merits of the appeal, and a motion to dismiss it upon grounds stated in the opinion, were argued at the same time.

*J. G. Flanders*, for the appellant.

·*James B. Taylor*, for the respondent.

Cole, J. The motion to dismiss the appeal because the printed cases were not served fifteen days before the commencement ·of the present term, must be denied. The cases were actually served on the respondent's counsel on the 30th of December last, and retained. The motion to dismiss was made and heard on the 1st of February. Under the decision in *Hundhausen v. Atkins*, 36 Wis., 250, the motion was too late.

The appeal is from an order dissolving and setting aside an attachment. The affidavit stated, as grounds for the attachment, that the defendant had assigned, disposed of or concealed, or was about to assign, dispose of or conceal, his property with intent to defraud his creditors; and that the defendant had fraudulently conveyed or disposed of his property, or a part of it, with intent to defraud his creditors. The defendant traversed these statements in the affidavit; and the court, on that issue, dissolved the attachment.

The evidence is ample and clear of the existence of some, if not all, of these grounds for an attachment. The transactions between the defendant and the Blackmans, as detailed by themselves, are inconsistent with any fair and honest course of dealing. They plainly indicate an intent, participated in by all concerned, to place the defendant's property beyond the reach of his creditors. The defendant was embarrassed and unable to pay his debts. Upon being pressed by the plaintiff for payment of his claims, he turns over to the Blackmans, or sells to them, his brick yard property, worth $2,000 or more.

He says that he was owing Reuben Blackman a board bill of $200, and that he first placed this property in Reuben's possession to enable the latter to make the amount of the debt by sale of the brick. A few months later he sells the property to A. W. Blackman — an irresponsible person,— taking a note for $150. And afterwards he makes another sale of the property to the same vendee, taking another note of a like amount. During all this time he was dealing with the property as his own, and as if he had never parted with the title. It is impossible to account for all these acts upon the theory that the parties were dealing with each other in an honest, business-like manner. ' The transactions, upon their very face, bear conclusive evidence of fraud and evil intent. And we fully concur in the correctness of the remark of plaintiff's counsel, that if the attachment was not warranted in this case, it is impossible to conceive of a case where an attachment would lie for a fraudulent disposition of property, accomplished or meditated with intent to defraud creditors.

*By the Court.* — The order of the circuit court dissolving the attachment is reversed, and the cause is remanded for further proceedings according to law.